UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

SHAWN PETERSEN,

        Plaintiff,

v.

DEPUTY MATTHEW SMITH,

        Defendant.

No.

COMPLAINT FOR DAMAGES

## I.    INTRODUCTION

1.1    On the night of May 23, 2019, Pierce County Sheriff's Deputy Matthew Smith observed a potentially intoxicated driver and pulled the vehicle over on the side of the road. Deputy Smith parked his patrol car in front of Shawn Petersen's house and left the flashing lights on. Not long after Deputy Smith pulled over, Mr. Petersen stepped out to the front of his house to ask Deputy Smith to move his patrol car. Deputy Smith refused. Mr. Petersen asked Deputy Smith to at least turn off the patrol car lights, but Deputy Smith ignored Mr. Petersen. Mr. Petersen then explained that the patrol car was parked on private property and asked Deputy Smith to move down the block. Deputy Smith again refused to move his patrol car. Mr. Petersen asked Deputy Smith for his name and badge number and repeated his request for Deputy Smith to move the patrol car or turn off his lights. Deputy Smith refused to provide Mr. Petersen his name or badge number and accused him of interfering with his traffic stop. Mr. Petersen walked down his front driveway, stopped a good distance away from the patrol car, told Deputy Smith he was trespassing and asked Deputy Smith again to move his patrol car. Mr. Petersen did

COMPLAINT FOR DAMAGES - 1

No. %

11910.01 mi090102

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

nothing to threaten Deputy Smith or others, and Deputy Smith had no reason to believe he posed a threat. Deputy Smith then approached Mr. Petersen, said "you're going in cuffs now," tackled him down to the ground, put him in a Lateral Vascular Neck Restraint, which constitutes a significant use of force that can be deadly, and arrested him for obstructing and resisting arrest. Mr. Petersen spent the night in Pierce County jail. A prosecutor later dropped all charges.

1.2   Mr. Petersen brings this complaint for damages for violations of his Fourth and First Amendment rights, including but not limited the rights of free speech, and to be free from arrest without probable cause or excessive use of force.

## II.   PARTIES

2.1   Plaintiff Shawn Petersen is a citizen of the State of Washington and a resident of Pierce County.

2.2   Defendant Matthew Smith is a citizen of the State of Washington and works in, or is a resident of, Pierce County.

## III.   JURISDICTION

3.1   This Court has original subject matter jurisdiction pursuant to 42 U.S.C. § 1983, as well as 28 U.S.C. §§ 1331 and 1343.

3.2   Venue is appropriate in the Western District of Washington pursuant to 28 U.S.C. § 1391 because at least some of the Defendants reside in this judicial district and because the events and omissions giving rise to the claims alleged here occurred within the Western District of Washington.

## IV.   FACTUAL ALLEGATIONS

4.1   Late at night on May 23, 2019, Pierce County Sheriff's Deputy Matthew Smith initiated a traffic stop on Mundy Loss Road in Buckley, Washington. Deputy Smith pulled over his patrol car directly in front of Shawn Petersen's house at the bottom Mr. Petersen's driveway, blocking vehicles from leaving the driveway.

COMPLAINT FOR DAMAGES - 2

No. %

11910.01 mi090102

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

4.2     Mr. Peterson was concerned that the Deputy's enforcement action occurring right outside of his house could possibly become violent. He stepped outside to his front patio and asked Deputy Smith "Can you do this somewhere else, please?"

4.3     Deputy Smith refused. Mr. Petersen replied that the patrol car was on his private property and "my child is sleeping, you could at least turn your lights off. Thank you."

4.4     When Deputy Smith again refused, Mr. Petersen asked Deputy Smith to get his supervisor and for Deputy Smith's card. Deputy Smith replied "you can call him up" and ignored Mr. Petersen's request for his card. He then told Mr. Petersen to go back into his house.

4.5     Mr. Petersen continued to stand on the walkway near the top of the driveway. Deputy Smith saw that Mr. Petersen was still outside, and twice yelled at Mr. Petersen "Get out of my sight – my stop right now" and "Get out of my stop right now."

4.6     Mr. Petersen again asked Deputy Smith to move the patrol car. Deputy Smith again refused, and Mr. Petersen walked into his house to retrieve his cellphone to record their interaction.

4.7     Mr. Petersen returned outside with his cellphone recording, walked down the driveway and asked for Deputy Smith's name and badge number. When Deputy Smith again refused Mr. Petersen's request, Mr. Petersen replied "you are on my property and I am asking you to please remove yourself and you won't give me your card or your badge number or your name."

4.8     Deputy Smith ignored Mr. Petersen. Mr. Petersen repeated his request: "Sir, I am asking you to please get off of my property. My child is sleeping. Your lights need to be off or you need to go somewhere else. Please, I am asking you politely officer, please."

4.9     Mr. Petersen again asked for Deputy Smith's card, name, and badge number. Deputy Smith replied that Mr. Petersen was interfering with a traffic stop. At that point, Deputy Smith was walking back to his patrol car from the vehicle that had been pulled over for the traffic stop. Mr. Petersen, at least 15-20 feet away from Deputy Smith's patrol car and still on his property, stated that he was not interfering but that Deputy Smith was trespassing.

COMPLAINT FOR DAMAGES - 3

No. %

11910.01 mi090102

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

4.10  Deputy Smith sat down inside the patrol car, and continued to ignore Mr. Petersen's repeated requests. Mr. Petersen walked a few feet closer to the patrol car and stopped. Deputy Smith then got out of his patrol car, approached Mr. Petersen and told him "don't approach my car again, get back inside the house." Mr. Petersen calmly replied "No, you are trespassing. Get off of my property."

4.11  Mr. Petersen never made any threatening comments or movements towards Deputy Smith. Deputy Smith had no reason to believe Mr. Petersen posed a threat, nor would any reasonable officer have perceived Mr. Petersen as a threat.

4.12  Deputy Smith walked up to Mr. Petersen, who was standing on his property in his driveway, and told him "you're going in cuffs right now." As Deputy Smith approached, Mr. Petersen took a step back.  Deputy Smith then tackled Mr. Petersen to the ground, seized his cellphone, put him in "lateral vascular neck restraint," or "LVNR", and arrested him. Deputy Smith took Mr. Petersen's cellphone and placed it into evidence.

4.13  As Deputy Smith applied the LVNR, Mr. Petersen gasped for air and tried to tell Deputy Smith twice "I can't breathe."

4.14  Many jurisdictions have banned the practice of using the LVNR because of the likelihood of injury.  Pierce County Sheriff's Department policy limits use of the LVNR to situations involving restraint of a "violent individual."  Policy 300.2.3.  Mr. Petersen was not a "violent individual."

4.15  Mr. Petersen spent the night in Pierce County jail and was charged with Obstructing a Law Enforcement Officer and Resisting Arrest. He was released the following day when his wife posted the $1,000 bond.

4.16  Mr. Petersen sought immediate medical care for pain in his throat due to the chokehold unnecessarily applied by Deputy Smith. Mr. Petersen's doctor prescribed medication to manage his neck pain.

4.17  Mr. Petersen expended money to hire an attorney to defend the charges Deputy Smith filed against him.

COMPLAINT FOR DAMAGES - 4

No. %

11910.01 mi090102

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

4.18    A Pierce County Deputy Prosecutor later dropped all charges. Upon seeing the video from Mr. Petersen's cellphone, the prosecutor wrote:

> "I have viewed it and have decided to dismiss the case. While I think Deputy Smith might be able to explain some of the inconsistencies between the report and the videos, I do think the videos prevent the state from proving the case beyond a reasonable doubt. …I do not believe the conduct depicted by videos rises to the level of obstruction. Obviously, the videos are more powerful evidence than any explanation Deputy Smith might be able to offer." (legal citations omitted)

4.19    Deputy Smith caused Mr. Petersen physical pain and emotional distress as a result of the unconstitutional conduct.

4.20    Deputy Smith seized Mr. Petersen when he tackled, handcuffed, and arrested him.

4.21    Mr. Petersen was not violent.  He made no attempt to evade arrest. As Deputy Smith pulled out his handcuffs, Mr. Petersen merely stepped back.

4.22    Mr. Petersen posed no threat to the safety of Deputy Smith, the ride-along civilian in Deputy Smith's patrol car, or anyone else. Mr. Petersen's hands were visible at all times. Mr. Petersen did not make any verbal threats—he politely, but firmly, made requests of Deputy Smith for information and to move his patrol car off of private property.

4.23    At no point did Mr. Petersen act in an unlawful manner. For the duration of the incident, Mr. Petersen remained on his own private property, and filmed Deputy Smith's conduct the traffic stop from a location well beyond any place Mr. Petersen would physically interfere with Deputy Smith.

4.24    Deputy Smith lacked probable cause and used excessive force when arresting Mr. Petersen, tackling him to the ground and using an LVNR on a non-violent individual. This use of force was unreasonable, unnecessary, and unconstitutional.

4.25    Deputy Smith interfered with Mr. Peterson's right to free speech when he retaliated against Mr. Petersen and punished him for criticizing him and asking him to move to another location.

4.26    Deputy Smith violated Mr. Petersen's clearly established constitutional rights when he arrested and subdued him, in violation of the First and Fourth Amendments.

COMPLAINT FOR DAMAGES - 5

No. %

11910.01 mi090102

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

## V.  CLAIMS

5.1 By virtue of the facts set forth above, Defendant Matthew Smith is liable for compensatory damages for deprivation of the civil rights of Plaintiff Shawn Petersen guaranteed by the First and Fourth Amendments to the Constitution of the United States and 42 U.S.C. §1983, to speak freely and to be free from unreasonable seizures. Defendant Smith is also liable for punitive damages for acting with malice, oppression, or reckless disregard for Plaintiff Petersen's First and Fourth Amendment rights.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests relief as follows:

6.1 Compensatory damages for physical injury, pain, and suffering;

6.2 Compensatory damages for severe emotional distress and mental harm;

6.3 Compensatory damages for medical expenses;

6.4 Compensatory damages for legal expenses incurred to defend against the charges Deputy Smith brought against him;

6.5 Punitive damages from the individual Defendant Deputy Smith for acting with malice, oppression, or reckless disregard for Plaintiff Petersen's First and Fourth Amendment rights.;

6.6 Costs, including reasonable attorneys' fees incurred in this action, provided under 42 U.S.C. 1988 and to the extent otherwise permitted by law;

6.7 Leave to amend the pleadings to confirm the evidence at trial; and

6.8 Such other relief as may be just and equitable.

DATED this 1st day of November, 2019.

MacDONALD HOAGUE & BAYLESS

By: /s/*Joe Shaeffer*
Joe Shaeffer, WSBA #33273
joe@mhb.com

Attorney for Plaintiffs

COMPLAINT FOR DAMAGES - 6

No. %

11910.01 mi090102

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961